```
        IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

BUFORD ULE LESTER, JR., #178040,  :

    Plaintiff,                   :

vs.                               :   CIVIL ACTION 06-0393-BH-M

SGT. HADLEY, et al.,              :

    Defendants.                  :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court on Plaintiff's "Pro-SE: Amendment to Initial 42 U.S.C. Sec. 1983 Complaint Filed as Civil Action 06-0393-BH-M" ("Motion") (Doc. 7). It is recommended that the Motion be granted in part and denied to the extent that it seeks to add as a Defendant Sheriff Jimmy Johnson.

I.  Nature of Proceedings.

The Court directed Plaintiff to file an Amended Complaint on this Court's current complaint form, which he did (Doc. 4), and now he seeks to amend the Amended Complaint (Doc. 7). The Court is screening the Motion under 28 U.S.C. § 1915(e)(2)(B) as it would screen a complaint.

The incident on which Plaintiff's claims are based occurred

over a six hour period in the Baldwin County Correctional Center when Plaintiff was removed from his cell by Defendants Hadley, Bradley, Montgomery, and Igo, he was placed in handcuffs and then on the hitching rail, and thereupon was taken down the hall, and with his hands behind his back, he was handcuffed to a pair of handcuffs welded to an eye bolt in a wall.  After forty-five minutes Defendants were unable to extract information about a broken phone switch from Plaintiff because he had no knowledge.  However, they continued to subject Plaintiff to these conditions, but with his back bent to ease the pressure on this back, wrists, and shoulders.  Plaintiff urinated on himself because he could not obtain assistance until about 11:30 p.m. when someone allowed him to use the restroom.

 Afterwards, Plaintiff was put in county clothes and in a belly chain with two handcuffs with his hands handcuffed behind his back.  At 7:00 a.m., Plaintiff convinced another officer to let him use the restroom.  At that time Officer Igo asked Sergeant Weatherly if he had to return Plaintiff to the hitching rail because Plaintiff previously had not caused trouble.  He was allowed to put Plaintiff in a holding cell.

 Plaintiff, who is 6'3" or 4" and weighs 307 pounds, suffered much pain.  And, as a result, Plaintiff's left shoulder is in acute pain and his left hand's little finger is numb. The prison doctors ordered x-rays and a MRI, gave Plaintiff to two types of

medication and a profile for two handcuffs when he is escorted in an effort to quell the pain.

II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court reviewed Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B).[1] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, and the claim seeks to enforce a right that clearly does not exist.  *Id.*  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id.*  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any

---

[1]  The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered. *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) (citation omitted); *see Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).  Dismissal for failure to state a claim is also warranted when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. *Jones v. Bock*, ___ U.S. ___, ___, 127 S.Ct. 910, 920-21 (2007).

III.  <u>Discussion</u>.

In the Motion Plaintiff seeks to add Sheriff Jimmy Johnson as a Defendant because the previously named Defendants were under his supervision "[o]n 2-10-05 When during and after, they in flicted cruel and unusual punishment and denied the plaintiff equal protection of clearly established laws governing such treatment."  No further information is provided about Plaintiff's claim against Sheriff Johnson.

In a section 1983 action, liability cannot be imposed against a supervisor based solely on the acts of a subordinate. *Monell v. Department of Social Services of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978) (ruling that a municipality cannot be held liable in a § 1983 action under the theory of *respondeat superior* simply because it employs a tortfeasor); *Dean v. Barber,* 951 F.2d 1210, 1215 (11th Cir. 1992) (finding that

4

commissioners were not liable in their supervisory capacity because the allegations were merely an attempt to hold them liable under *respondeat superior*).  Section 1983 allows only for imposition of liability against the person who causes injury to another.  *Monell,* 436 U.S. at 692, 98 S.Ct. at 2036.  That is, a defendant cannot be held liable on the basis of *respondeat superior* or vicarious liability for the constitutional violation caused by another where there is no showing of a causal connection between the actions of the defendant and the constitutional violation.  *Id.* at 691, 98 S.Ct. at 2036; *Asad v. Crosby,* 158 Fed.Appx. 166, 171-72, 2005 WL 2993866, at **4 (11th Cir. Nov. 9, 2005) (unpublished); *Gonzalez v. Reno,* 325 F.3d 1228, 1234-35 (11th Cir. 2003).  A supervisor may only be held liable "'when the supervisor personally participates in alleged constitutional violation or when there is causal connection between actions of the supervising official and the alleged constitutional violation.'" *Id.* at 1234 (citations omitted).  Therefore, Plaintiff has failed to state a claim upon which relief can be granted against Sheriff Jimmy Johnson.

IV.  <u>Conclusion</u>.

Because the claim against Jimmy Johnson is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, allowing the claim against Johnson would be futile.  Accordingly, it is recommended that the Motion be

granted in part and denied to the extent that it seeks to add as a Defendant Sheriff Jimmy Johnson. *Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985) (holding leave to amend should be denied when an amendment is subject dismissal because it is futile).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

     DONE this 15th day of May, 2007.

                                              s/BERT W. MILLING, JR.
                                              UNITED STATES MAGISTRATE JUDGE