IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BUFORD ULE LESTER, JR.          :

    Plaintiff,               :

vs.                             :     CIVIL ACTION 06-0393-KD-M

SGT. HADLEY, *et al*.           :

    Defendants.              :


REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u> filed a Complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the undersigned on the Motion for Summary Judgment of Defendants, Jake Hadley, Melvin Bradley, Martinous Montgomery, and Wayne Igo, (Docs. 31, 32, 37, and 49), and Plaintiff's Oppositions thereto (Docs. 33, 71, 73, 74, 81, 84, and 85).  After consideration of these pleadings, and for the reasons set out below, it is recommended that the Motion for Summary Judgment of Defendants Hadley, Bradley, Montgomery, and Igo be granted and that Plaintiff's action against these Defendants be dismissed without prejudice.

I.  SUMMARY OF FACTUAL ALLEGATIONS

From its review of the record, the Court summarizes the parties' allegations that are material to the issues addressed in this Report and Recommendation.  Plaintiff, a state inmate

1

currently incarcerated at Holman Correctional Facility,[1] has alleged that during a brief incarceration at the Baldwin County Corrections Center, his constitutional rights were violated when he was placed on a D-Ring restraint for six hours on February 10, 2005.  (Doc. 4 at 10-14).  Plaintiff claims that as a result of this incident, he has suffered a shoulder injury.  (Id.). Plaintiff is seeking compensatory and punitive damages, as well as injunctive relief "that state prisoners be treated within statutory provisions of Alabama and the laws of the United States."  (Doc. 4 at 8).

Defendants Hadley, Bradley, Montgomery, and Igo have denied Plaintiff's allegations, asserting the defenses of qualified, and Eleventh Amendment immunity, as well as the failure of Plaintiff to comply with the mandatory requirements of the Prison Litigation Reform Act.  (Docs. 31 and 32).

## II.  PROCEDURAL ASPECTS OF THE CASE

On August 3, 2006, Plaintiff filed the subject § 1983 action in this Court against Defendants Jake Hadley, Melvin Bradley, Martinous Montgomery, and Wayne Igo.[2] (Doc. 4).  On September 25,

---

[1]Plaintiff was convicted of First Degree Rape, First Degree Sodomy, and First Degree Robbery. (Doc. 4 at 6; Doc. 32, Ex. A at 6).

[2]Plaintiff originally filed this action on June 30, 2006, (Doc. 1), but, because he used outdated complaint forms, on July 6, 2006, this Court ordered Plaintiff to file his Complaint using updated forms. (Doc. 3).  Subsequently, Plaintiff filed his new Complaint on the proper forms on August 3, 2006, (Doc. 4), and by this Court's order of July 6, 2006, this Complaint supersedes the original. (Doc. 3).

2006, Plaintiff sought to amend his Complaint to adjust his request for damages, as well as to add an additional defendant, the Sheriff of Baldwin County, Jimmy Johnson; however this Court denied the request to add the additional defendant to the action. (Docs. 7, 10, and 20).

On August 17, 2007, October 1, 2007, and February 5, 2008, Defendants Hadley, Bradley, Montgomery, and Igo filed their Answer and Special Report, denying the allegations and asserting various defenses as discussed above. (Docs. 31, 32, 37, and 49). Following and during the filing of Defendants' Answers and Special Reports, Plaintiff filed numerous replies, motions, and discovery requests. (Docs. 33, 34, 35, 36, 59, 71, 73, 74, 81, 84, and 85).

The Court converted Defendants' Special Report and Answer to a Motion for Summary Judgment on April 15, 2008. (Doc. 58). Defendants' Motion for Summary Judgment and Plaintiff's responses thereto are now before the Court.

### III. SUMMARY JUDGMENT STANDARD

In analyzing the propriety of a motion for summary judgment, the Court begins with these basic principles.  The <u>Federal Rules of Civil Procedure</u> grant this Court authority under Rule 56 to render "judgment as a matter of law" to a party who moves for summary judgment.  "[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. . . .'"

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) (quoting <u>Fed.</u>
<u>R. Civ. P.</u> 56(c).

     The Court must view the evidence produced by "the nonmoving
party, and all factual inferences arising from it, in the light
most favorable to" that party.  <u>Barfield v. Brierton</u>, 883 F.2d
923, 934 (11th Cir. 1989).

     However, Rule 56(e) states that:

          an adverse party [to a motion for summary
          judgment] may not rest upon the mere
          allegations or denials of the adverse party's
          pleading, but the adverse party's response,
          by affidavits or as otherwise provided in
          this rule, must set forth specific facts
          showing that there is a genuine issue for
          trial.  If the adverse party does not so
          respond, summary judgment, if appropriate,
          shall be entered against the adverse party.

<u>Fed. R. Civ. P.</u> 56(e); <u>see also</u> <u>Celotex Corp.</u>, 477 U.S. at
325-27.

     "[T]here is no issue for trial unless there is sufficient
evidence favoring the nonmoving party for a jury to return a
verdict for that party. . . .  If the evidence is merely
colorable, . . . or is not significantly probative, . . . summary
judgment may be granted."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477
U.S. 242, 249-50 (1986) (internal citations omitted).  "Summary
judgment is mandated where a party 'fails to make a showing
sufficient to establish the existence of an element essential to
that party's case, and on which that party will bear the burden
of proof at trial.'"  <u>Custom Mfg. & Eng'g, Inc. v. Midway Servs.,</u>
<u>Inc.</u>, 508 F.3d 641, 647 (11th Cir. 2007) (citations omitted).

     Defendants have met their evidentiary burden and

4

demonstrated the absence of a genuine issue of material fact with
respect to Plaintiff's failure to exhaust administrative
remedies.  Thus, the burden shifts to Plaintiff to establish,
with appropriate evidence beyond the pleadings, that a genuine
issue material to his case exists.  Clark v. Coats and Clark,
Inc., 929 F.2d 604, 608 (11th Cir. 1991); Celotex, 477 U.S. at
324; Fed. R. Civ. P. 56 (e)(2) ("When a motion for summary
judgment is properly made and supported, an opposing party may
not rely merely on allegations or denials in its own pleading;
rather its response must ... set out specific facts showing a
genuine issue for trial.").  A genuine issue of material fact
exists when the nonmoving party produces evidence that would
allow a reasonable fact-finder to return a verdict in its favor.
Greenberg v. BellSouth Telecomm., Inc., 498 F.3d 1258, 1263 (11th
Cir. 2007).

     As the Middle District of Alabama recently noted, "[t]o
survive Defendants' properly supported motion for summary
judgment, Plaintiff is required to produce 'sufficient
[favorable] evidence' establishing proper exhaustion of
administrative remedies."  Johnson v. McCarty, Civil Action No.
07-52, 2008 WL 5429837, *2 (M.D. Ala. Dec. 31, 2008), quoting
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  "A
mere 'scintilla' of evidence supporting the opposing party's
position will not suffice; there must be enough of a showing that
the [trier of fact] could reasonably find for that party.

Anderson v. Liberty Lobby, 477 U.S. 242, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986)." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

"Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment." Johnson v. McCarty, 2008 WL 5429837 at *2, citing Waddell v. Valley Forge Dental Associates, Inc., 276 F.3d 1275, 1279 (11th Cir. 2001); Holifield v. Reno, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations..."); Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). In this action, Plaintiff has failed to show that a material fact exists as to whether he exhausted his administrative remedies as required under the PLRA.

## IV. DISCUSSION

In this action, Plaintiff complains that his Eighth Amendment right to be free from cruel and unusual punishment was violated by Defendants when Plaintiff was allegedly handcuffed to a restraining ring for a period of six hours. (Doc. 4 at 5, 10-13). Plaintiff claims that immediately following his arrival at

the Baldwin County Corrections Center on February 10, 2005, he made repeated requests to use the telephone. (Id. at 10). After one of his requests, Plaintiff claims that Defendant Hadley became angry and began yelling. (Id.). Plaintiff next demanded to see Hadley's supervisor and also demanded grievance forms. Plaintiff contends that at this time, Defendants gathered and placed him on a restraining ring where he remained for approximately six hours, causing him pain and suffering. (Id. at 10-13).

Defendants assert that this action is due to be dismissed because Plaintiff has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Defendants contend specifically that Plaintiff failed to exhaust the administrative remedies available to him at the Baldwin County Corrections Center through the facility's inmate grievance procedure. (Doc. 32 at 6).

"The Prison Litigation Reform Act of 1995 (PLRA) ... requires prisoners to exhaust prison grievance procedures before filing suit." Jones v. Bock, 549 U.S. 199 (2007). Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

"Congress has provided in §1997e(a) that an inmate must

7

exhaust irrespective of the forms of relief sought and offered
through administrative avenues." Booth v. Churner, 532 U.S. 731,
741 n. 6 (2001). "[T]he PLRA's exhaustion requirement applies to
all inmate suits about prison life, whether they involve general
circumstances or particular episodes, and whether they allege
excessive force or some other wrong." Porter v. Nussle, 534 U.S.
516, 532 (2002). "Exhaustion is a precondition to litigation in
federal courts, and courts do not have the discretion to waive
the §1997e(a) requirement." Mason v. FNU Bridger, 261 Fed. Appx.
225, 228 (11th Cir. 2008), citing Booth, 532 U.S. at 741; and
Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).
"There is no question that exhaustion is mandatory under the
PLRA." Jones, 549 U.S. at 199-200, citing Porter, 534 U.S. at
524.

Furthermore, it has been held that "the PLRA exhaustion
requirement requires proper exhaustion." Woodford v. Ngo, 548
U.S. 81, 92 (2006) (emphasis added). In Woodford, the Supreme
Court explained that to properly exhaust "a prisoner must
complete the administrative review process in accordance with the
applicable procedural rules, including deadlines, as a
precondition to bringing suit in federal court." Id. at 88. The
Court went on to explain that "[p]roper exhaustion demands
compliance with an agency's deadlines and other critical
procedural rules because no adjudicative system can function
effectively without imposing some orderly structure on the course
of its proceedings... Construing §1997e(a) to require proper

8

exhaustion... fits with the general scheme of the PLRA, whereas [a contrary] interpretation would turn that provision into a largely useless appendage." Id. at 90-93.

    As noted by the Middle District of Alabama, "[t]his interpretation of the PLRA's exhaustion requirement 'carries a sanction' for noncompliance and avoids 'mak[ing] the PLRA exhaustion scheme wholly ineffective.'" Johnson, 2008 WL 5429837 at *4, quoting Woodford, 548 U.S. at 95.  Thus, a prisoner cannot simply bypass available administrative remedies and then "proceed directly to federal court," either by "failing to properly exhaust available administrative remedies" or by waiting until those "remedies are no longer available." Id.  "[A]llowing federal review under these circumstances would impose 'no significant sanction' on the prisoner," id., and the Supreme Court has noted that "the PLRA did not create such a toothless scheme." Woodford, 548 U.S. at 95.  "Further, the PLRA's exhaustion requirement contains no futility exception where there is an available inmate grievance procedure." McCarty, 2008 WL 5429837 at *4, citing Booth, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); and Cox v. Mayer, 332 F.3d 422, 424-428 (6th Cir. 2003) (holding that the exhaustion requirement applies to a former prisoner who filed his complaint without exhausting his administrative remedies and who had since been released from custody).

    In support of their exhaustion argument, Defendants have put

forth evidence showing that at all relevant times there was an inmate grievance procedure available to Plaintiff but that Plaintiff failed to file a grievance regarding the allegations which are the subject of this action.  (Doc. 32, Exs. B, C, D, E, and G).  Specifically, it has been established that the Baldwin County Corrections Center provides a grievance procedure for inmate complaints.  (Doc. 32, Ex. E at 19-22 and Ex. G at 20-21).  The center's grievance procedure states that inmates may request an Inmate Grievance Form from any officer in the Pod.  (Doc. 32, Ex. G at 20).  This form is then routed to the Chief Corrections Officer.  (Id.).  The official procedure indicates that a written response will be returned to the inmate within ten days from the date of the filing of the grievance.  (Id.).  If the inmate is not satisfied with the response, the grievance may be appealed to the Sheriff through the U.S. Mail, but this appeal must take place within seventy-two hours.  (Id.). If the inmate is not satisfied with the Sheriff's reply, then the inmate may appeal the grievance to the courts.  (Id.).

Defendants contend that a search of Plaintiff's inmate file reveals that Plaintiff never filed a grievance regarding the matters made the subject of this complaint.  (Doc. 32).  Plaintiff did, however, submit an Inmate Request Form on February 21, 2005, seeking medical attention for an ingrown toenail, as well as some "boils" under his left arm.  (Doc. 32, Ex. A at 8).

Plaintiff's allegations have been strikingly inconsistent with regard to whether he actually filed a grievance at the

Baldwin County Corrections Center.  Plaintiff initially alleged that he did not file a grievance because he feared the officers, but later averred that he did actually file a grievance on February 14, 2005, at "supper time."  (Doc. 85 at 1).  Plaintiff has further stated that "[i]t would appear (the grievance) was misplaced or destroyed."  (Id.).  Moreover, Plaintiff explained that "[t]he evidence before pre-filing of this lawsuit clearly reflects that [Plaintiff] was aware of the requirement to file a grievance with the jail - the filing (1) of a claim with the State Board of Adjustment and (2) a civil complaint for negligent [sic], Title 6-5-260 Code 1975."  (Doc. 84 at 1-2).  Thus, Plaintiff does not deny knowledge of the requirement to file a grievance, but simply contends that he did file a grievance that Defendants have since lost.

It has been held that a district court may properly resolve factual issues related to whether a plaintiff exhausted his administrative remedies.[3]  Bryant v. Rich, 530 F.3d 1368, 1374

---

[3]The Eleventh Circuit has instructed that "an exhaustion defense...is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'"  Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008), quoting Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368-69 (9th Cir. 1988).  This is because, according to the Court, "exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits."  Id. at 1374.  In this instance, although this action is before the Court on Defendants' Motion for Summary Judgment, the result does not change.  While Plaintiff has had an opportunity to submit evidence, and has in fact submitted affidavits and participated in discovery, this Court has effectively "treated" this motion as one to dismiss, considering only the issue of exhaustion and dismissing Plaintiff's action without prejudice,

11

(11th Cir. 2008).  Thus, this Court may properly resolve this particular factual issue, as our sister court in the Middle District of Alabama has recently done in similar situations, and this Court finds that the evidence reflects that Plaintiff failed to properly exhaust his available administrative remedies at the Baldwin County Corrections Center.  See Ellis v. Sadeek, Civil Action No. 08-790, 2009 WL 263011 (M.D. Ala. Feb. 4, 2009); Carter v. Giles, Civil Action No. 08-713, 2009 WL 88559, *7 (M.D. Ala. Jan. 13, 2009) ("The court...concludes that the claims presented in this cause of action...are subject to summary dismissal without prejudice as [plaintiff] failed to properly exhaust an administrative remedy available to him which is a precondition to proceeding in this court on such claims."); Johnson v. McCarty, Civil Action No. 07-52, 2008 WL 5429837, *5 (M.D. Ala. Dec. 31, 2008) (finding that plaintiff failed to exhaust and noting that "[p]laintiff relies on his own conclusory allegations submitted in response to Defendants' dispositive motion that he complied with the jail's administrative remedies, his equivocal allegation that his grievance forms *may* have 'gotten past' Defendants, and his contention that the copy of the grievance form contained in Defendants' evidentiary materials is not the same form with which he is familiar."); Milner v. Jennings, Civil Action No. 07-152, 2008 WL 5381826, *6 (M.D. Ala. Dec. 23, 2008) (holding that plaintiff failed to exhaust

---

not on the merits, but solely for failure to exhaust his administrative remedies.

administrative remedies and stating "[t]he record is devoid of
evidence other than Plaintiff's conclusory allegations that
Plaintiff filed the requisite grievances and/or appeals with
respect to the claim(s) set forth in the present complaint as is
necessary to properly exhaust administrative remedies."));
McCullough v. Carmichael, Civil Action No. 05-1163, 2008 WL
5111128, *6 (M.D. Ala. Dec. 2, 2008) (dismissing action because
of plaintiff's failure to exhaust administrative remedies and
stating "[p]laintiff's conclusory unsworn allegation that
administrative remedies were unavailable without any supporting
evidence is insufficient."); Vaughn v. Scroggins, Civil Action
No. 06-1048, 2008 WL 4767496, *6 (M.D. Ala. Oct. 28, 2008)
(finding that plaintiff had not exhausted and stating that
"[o]ther than his self-serving statements, there is no record or
documentation that Plaintiff has made any complaints against
Defendants about the matters made the subject of this action.
Plaintiff simply states that he complied with the grievance
procedure but that his grievance forms may have been avoided or
abandoned."); Moon v. Rayapati, Civil Action No. 06-384, 2008 WL
4493298, *7 (M.D. Ala. Sept. 29, 2008) (dismissing plaintiff's
claims for failure to exhaust administrative remedies and
explaining that "[plaintiff's] subjective belief that resort to
administrative remedies would have been futile and/or ineffectual
is not relevant."); and Hicks v. Allen, Civil Action No. 07-142,
2008 WL 4368749 (M.D. Ala. Sept. 22, 2008).

    Just like the plaintiffs in the similar actions before the

13

Middle District of Alabama, Plaintiff has offered nothing more than conclusory, self-serving statements regarding whether or not he filed a grievance at the Baldwin County Corrections Center. Moreover, in the present action, Plaintiff has changed his story from initially admitting to not filing a grievance, to later claiming that he did file a grievance but asserting that Defendants must have lost it.  Defendants, on the other hand, have offered evidence of Plaintiff's inmate file which includes one actual written medical request from Plaintiff during Plaintiff's brief incarceration at the Baldwin County Corrections Center, but no inmate grievance form related to the allegations made the subject of this lawsuit.

Based on the proof provided as well as Plaintiff's own admission, the Court concludes that Plaintiff did not exhaust the administrative remedies available to him at the Baldwin County Corrections Center regarding his Eighth Amendment claim of cruel and unusual punishment related to his restraint on the D-Ring. Plaintiff's contradicting statements without any supporting evidence are simply insufficient.  Based on the foregoing, this Court concludes that Plaintiff's claims in this cause of action are due to be dismissed without prejudice as Plaintiff failed to exhaust an available administrative remedy, which is a precondition to proceeding in this court on his claims.

<u>V. CONCLUSION</u>

If a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and

14

on which the party will bear the burden of proof at trial," Rule 56(c) mandates that summary judgment be entered against the nonmovant.  <u>Celotex Corp.</u>, 477 U.S. at 322.  "No material issues can be in dispute where the plaintiff's evidence fails to establish a constitutional violation."  <u>Bennett v. Parker</u>, 898 F.2d 1530, 1534 (11th Cir. 1990).

    Therefore, based on the foregoing, it is recommended that the Motion for Summary Judgment of Defendants Hadley, Bradley, Montgomery, and Igo (Docs. 31, 32, 37, and 49) be granted, that Plaintiff's action be dismissed without prejudice, and that judgment be entered in favor of Defendants on all claims.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  <u>Objection</u>.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.

15

The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 17th day of February, 2009.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE